David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
One East Camelback Road, Suite 300
Phoenix, AZ 85012
Telephone:   (602) 265-3332
Facsimile:    (602) 230-4482

Attorneys for the Plaintiff
Marvin Randall

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| Marvin Randall<br><br>                    Plaintiff,<br>v.<br><br>Nelson & Kennard and LVNV Funding LLC<br><br>                    Defendants. | **Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |
|---|---|

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Marvin Randall, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Nelson & Kennard and LVNV Funding LLC, ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")

7. Because Defendants do business within the State of Arizona, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391(c).

### PARTIES

9. Plaintiff is a natural person who resides in the City of Phoenix, County of Maricopa, State of Arizona.

10. Defendants are located in the City of Sacramento, the County of Sacramento, and the State of California.

11. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

13. At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

14. At all times relevant, Defendants conducted business within the State of Arizona.

15. Sometime before August 2008, Plaintiff is alleged to have incurred certain financial obligations.

16. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

17. Sometime thereafter, but before August 2008, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

18. Subsequently, but before August 2008, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

19. On or about August 2008, Defendant Nelson & Kennard accessed Plaintiff's Experian credit report. On this credit report was Plaintiff's current address, located in the state of Arizona.

20. On or about October 10, 2008, Defendant Nelson & Kennard filed suit against Plaintiff on behalf of Defendant LVNV Funding LLC for the alleged debt in the Superior Court of California, County of Riverside, case number RIC 510992.

21. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

22. Defendants brought this legal action against Plaintiff unrelated to real property and in a judicial district or similar legal entity that is outside of where Plaintiff allegedly signed the contract sued upon and outside the judicial district or similar legal entity where Plaintiff resided at the commencement of the action. Consequently, this conduct by Defendants violated 15 U.S.C. § 1692i.

23. Plaintiff is informed and believes that Defendants filed a Proof of Service of Summons which indicated Plaintiff was served. In reality, Defendants knowingly served a person unrelated to Plaintiff, at a residence where Plaintiff did not reside at. At no time was Plaintiff served in any legal manner. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

24. Through this communication to this third party, and except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to Defendants, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendants communicated, in connection with the collection of a debt, with a person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendants. Consequently, Defendants LLC violated 15 U.S.C. § 1692b(b).

25. Defendants intended, through this conduct, to file their action in an inconvenient forum and to obtain a default judgment through deceptive

practice. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

### CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

28. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from each and every defendant, as follows:

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

29. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

30. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

31. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

//

**TRIAL BY JURY**

32. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: February 25, 2008

**Hyde & Swigart**

By: /s/ David J. McGlothlin
David J. McGlothlin
Attorneys for the Plaintiff