File No. 1081.0003
Robert Scott Kennard
California State Bar No. 117017
NELSON & KENNARD
2180 Harvard Street, Ste. 160   (95815)
P.O. Box 13807
Sacramento, CA  95853
Telephone:  (916) 920-2295
Facsimile:  (916) 920-0682

Attorneys for Defendants and Counter-Complainant
LVNV FUNDING LLC; NELSON & KENNARD

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Marvin Randall, | ) **CASE NO.   CV-09-387-PHX-LOA** |
| Plaintiff, | ) **POINTS AND AUTHORITIES IN** |
|  | ) **OPPOSITION TO COUNTER-DEFENDANT** |
| vs. | ) **MARVIN RANDALL'S MOTION TO** |
|  | ) **DISMISS COUNTER-CLAIM OF LVNV** |
| Nelson & Kennard; LVNV Funding LLC, | ) **FUNDING LLC** |
| Defendants. | ) |
| LVNV Funding LLC, | ) |
| Counter-Complainant, | ) |
| v. | ) |
| Marvin Randall, | ) |
| Counter-Defendant. | ) |

Counter-Complainant LVNV Funding LLC submits the following points, authorities and arguments in opposition to the Motion of Counter-Defendant Marvin Randall:

MEMORANDUM OF POINTS AND AUTHORITIES - 1

## SUMMARY OF RELEVANT FACTS AND ALLEGATIONS.

LVNV Funding LLC, as assignee of an account which originated with Sears National Bank, NA, by its attorneys Nelson & Kennard, filed a collection action in the Superior Court of California, County of Riverside, Case No. RIC510992, encaptioned _LVNV Funding LLC v. Marvin Randall_. The complaint sought to recover the balance of $4,124.60. The collection action concerned Marvin Randall's "Sears Gold Mastercard" account, account no. ****-****-****-1350. Counter-Defendant Marvin Randall opened the account on 05/09/02. The last payment received by the Bank was on 10/07/05. The Bank charged off the account on 07/28/06.[1]

In his Complaint, Marvin Randall charges that LVNV Funding LLC purposely brought suit in an improper venue and thereafter improperly effected service of process upon him. The true facts are that LVNV Funding LLC filed suit in the county of last known residence but was unable to effect service of process.[2] As it was unable to effect service of process, LVNV Funding LLC dismissed its state court action.[3] That is the extent of the litigation complained of.

On 02/25/09 Marvin Randall filed the within action in the United States District Court, District of Arizona alleging a

---

[1] See Request for Judicial Notice filed by LVNV Funding, par. 1; see also, paragraphs 4 through 9 of its Counter-Claim.

[2] See Request for Judicial Notice filed by LVNV Funding, par. 2.

[3] See Request for Judicial Notice filed by LVNV Funding, par. 3.

violation of the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.; hereinafter "FDCPA") by LVNV Funding LLC and its counsel, Nelson & Kennard. The gravamen of his complaint is that LVNV Funding LLC, by its counsel Nelson & Kennard, intentionally filed the state court collection action in an improper and inconvenient forum and affected service of process in order to surreptitiously obtain a default judgment. Both LVNV Funding LLC and Nelson & Kennard vociferously deny those allegations. LVNV Funding LLC has renewed its collection action as a permissive counter-claim to the FDCPA action brought by Marvin Randall.

### LVNV SUBMITS THAT ITS COUNTER-CLAIM IS PERMISSIVE.

Pursuant to Federal Rules of Civil Procedure 13, LVNV Funding LLC's counter-claim may either be compulsory or permissive. A compulsory counter-claim ". . . arises out of a transaction or occurrence that is the subject matter of the opposing party's claim." (See FRCP 13(a)).

By definition, a permissive counter-claim is any claim that is not compulsory. (See FRCP 13(b)). It seems well settled in the Ninth Circuit that counter-claims for the debt claimed by the creditor defending an Fair Debt Collection Practices Act claim are considered permissive. "Because Defendant's counterclaims bear a logical and factual relationship to Plaintiff's claims in that they

are related to a single debt incurred by Plaintiff, supplemental jurisdiction exists over Defendant's counterclaims under § 1367(a)." (See e.g. <u>Sparrow v. Mazda American Credit</u>, 385 F.Supp.2nd 1063, 1070 (E.D. California 2005).

### THE COURT, IN ITS DISCRETION, MAY EXERCISE SUPPLEMENTAL JURISDICTION OVER THE PERMISSIVE COUNTER-CLAIM.

The court may exercise supplemental jurisdiction over LVNV Funding LLC's counter-claim even though no independent basis for jurisdiction exists. (See e.g., 28 U.S.C. §1367). For example, supplemental jurisdiction exists over a counter-claim for the underlying debt where the counter-claim and the FDCPA claim both are "related to the single debt incurred by plaintiff." <u>Sparrow v. Mazda American Credit</u>, 385 F.Supp.2nd 1063, 1070 (E.D. California 2005).

Pursuant to 28 U.S.C. §1367;

> The District Court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they perform part of the same case or controversy . . .

The net effect of the above-authority is that this court has discretion to exercise supplemental jurisdiction over the permissive Counter-Claim brought by LVNV FUNDING LLC.

Counter-Claimant urges the court to exercise that discretion in favor of retaining jurisdiction. The disposition of all claims

between the parties before one court mitigates against unnecessary duplicative litigation and presents the most effective method to (1) conserve the parties' monetary resources; (2) promote judicial economy; (3) avoids litigation of duplicative claims, and; (4) precludes the potential of inconsistent outcomes. To the point, the parties are identical, the witnesses are identical, discovery would be redundant and the mutual claims may be subject to set off.

Plaintiff's argument that the counter-claim interposes an unnecessary third party into the mix is also unavailing. The records and testimony of Sears Bank are highly relevant in terms of Mr. Randall's address he reported when the account was opened, any change of address reported, to what address statements were rendered and what address of record was provided by Sears Bank to its assignee.

As may be expected, where the Trial Court has discretion to exercise supplemental jurisdiction over a permissive counter-claim, the results are mixed. Within the Ninth Circuit, some Trial Courts have declined to exercise such jurisdiction, while others have not so declined. In those cases where the trial court has declined to so exercise, the Courts predominantly cite to public policy; ostensibly to prevent "the chilling effect" associated with litigating an FDCPA claim in the same case as a state law claim for collection of the underlying debt. (See e.g., _Sparrow v. Mazda American Credit_ (_supra_) 385 F.Supp.2nd 1063, 1071).

In those instances where the trial court has not declined to exercise supplemental jurisdiction, the Courts have determined that the interests of judicial economy, efficiency and fairness promoted by the exercise of supplemental jurisdiction outweigh the potential chilling effect described aforesaid. This is especially true where as here, the debt complained of is relatively small and the issues to be determined simple. (See e.g., *Koumarian v. Chase Bank USA* Civ. No. C-08-4033 MMC, 2008 WL 5120053 (N.D. Cal. 2008) for an example of the trial Court's rationale for not declining to exercise supplemental jurisdiction);

> Here, given the relatively small amount of the alleged debt, $3,086.23 plus interest from September 12, 2008 . . ., it appears unlikely that the Court's exercise of supplemental jurisdiction over Chase's Counterclaim against Koumarian would have a "chilling effect" on Koumarian's FDCPA claim or on potential analogous claims made by similarly situated individuals. Nor can Koumarian 'expect a court to ... use the fact that case-by-case enforcement is expensive ... (perhaps too expensive to justify independent legal action) to bestow on [her] a legal right to avoid collection,' if the debt at issue is in fact valid. Finally, as Chase points out, the exercise of supplemental jurisdiction in the instant action will promote the goals of judicial economy and efficiency, as all claims related to the alleged debt incurred by Koumarian will be resolved in a single action. *(Koumarian (supra) citing United Mine Workers of America v. Gibbs; 383 U.S. 715, 726 (1966).*

In the case before this court, Counter-Claimant respectfully submits the "chilling effect" promoted by Plaintiff herein is not present in the case at bar. Within a matter of days of LVNV FUNDING LLC's dismissal of its state court claim (in California), Plaintiff served his complaint alleging violations of the FDCPA. *Plaintiff herein is the antithesis of "chilled."* It could just as easily be argued that the Plaintiff's claim was brought to "chill" the creditor from asserting its rights with respect to the collection of the debt.

## SUMMARY OF RELIEF REQUESTED.

Counter-Claimant LVNV FUNDING LLC respectfully submits that the interests of judicial economy, efficiency and fairness would be best achieved by resolving all claims related to the alleged debt in one single action. These factors mitigate in favor of the exercise of supplemental jurisdiction and have not, in fact, promoted any "chilling" of the exercise of Plaintiff's alleged rights.

///

///

///

exercise supplemental jurisdiction over its Counter-Claim at the Motion to Dismiss be denied.

               Respectfully Submitted,

               NELSON & KENNARD

Dated: 07/27/09        By: *Robert Scott Kennard*
                ROBERT SCOTT KENNARD
                Attorney for Defendant and
                Cross-Claimant