1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Marvin Randall,                    )    No. CV-09-387-PHX-LOA
                                         )
10                    Plaintiff,         )    **ORDER**
                                         )
11   vs.                                 )
                                         )
12                                       )
     Nelson  &  Kennard;  LVNV  Funding,)
13   L.L.C.,                             )
                                         )
14                    Defendants.        )
     _____)

15

16          This action arises on Plaintiff Marvin Randall's ("Plaintiff") Motion to Dismiss

17   Defendant's Counterclaim pursuant to Fed.R.Civ.P. 12(b)(1). (docket # 15) After review of

18   the parties' briefings and the relevant authorities, the Court will exercise its discretion to

19   decline supplemental jurisdiction and will dismiss Defendant's counterclaim without

20   prejudice.

21                           **<u>INTRODUCTION</u>**

22          Plaintiff moves to dismiss Defendant LVNV Funding, L.L.C.'s ("LVNV

23   Funding") counterclaim on the grounds that this District Court lacks subject-matter

24   jurisdiction to adjudicate the counterclaim. (docket # 15)  In particular, Plaintiff contends the

25   counterclaim is permissive, not compulsory; there is no independent basis for federal

26   jurisdiction for the Court to adjudicate the counterclaim; and, if subject-matter jurisdiction

27   does exist, the Court should exercise its discretion to decline supplemental jurisdiction under
28

1  28 U.S.C. § 1367. Plaintiff requests Defendant's counterclaim be dismissed with prejudice.

2  **BACKGROUND**

3          Based on the limited record presented to date, the Court discerns the facts as

4  follows. On February 25, 2009, Plaintiff commenced this lawsuit, alleging a violation of the

5  Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et *seq.* (the "Act" or "FDCPA") by

6  Defendants' attempts "to unlawfully and abusively collect a debt allegedly owed by Plaintiff,

7  and . . . cause[ing] Plaintiff damages." (docket # 1) Plaintiff contends Defendant LVNV

8  Funding,  a Nevada limited liability collection agency, and its lawyers, Defendant Nelson

9  & Kennard, a Sacramento, California law firm, are "debt collectors" within the meaning of

10 the Act.[1] (docket ## 8, 10)  Plaintiff alleges Defendants violated the Act by suing Plaintiff,

11 an Arizona resident and "consumer"[2] under the Act, for a credit card debt in the Riverside

12 County Superior Court, a supposedly  improper venue. (docket # 15 at 3)  Plaintiff argues

13 that Riverside County is a "judicial district . . . outside of where Plaintiff allegedly signed the

14 contract sued upon and outside the judicial district . . . where Plaintiff resided at the

15 commencement of the [debt collection] action." (*Id.*)  Alleging violations of 15 U.S.C. §§

16 1692i, 1692e and 1692e(10), Plaintiff claims "[D]efendants intended, through this conduct,

17 to file their action in an inconvenient forum and to obtain a default judgment through

18 deceptive practice." (*Id.*)

19         LVNV Funding claims that on or about May 9, 2002, Plaintiff was issued a

20 "Sears Gold Mastercard" credit card and a corresponding extension of credit by Sears

21 National Bank, a non-party. (docket # 10 at 2)  The Counterclaim alleges that after making

22

---

23      [1] The FDCPA defines a "debt collector" as "any person who uses any instrumentality

24 of interstate commerce or the mails in any business the principal purpose of which is the
   collection of any debts, or who regularly collects or attempts to collect, directly or indirectly,

25 debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Debt
   collectors may include attorneys litigating cases on behalf of their clients. *Heintz v. Jenkins*,

26 514 U.S. 291, 297 (1995).

27      [2] The term "consumer" means any natural person obligated or allegedly obligated to

28 pay any debt. 15 U.S.C. § 1692a(3).

1   various purchases and payments on his credit card account, Plaintiff defaulted on his

2   payment obligations with the last payment made on or about October 7, 2005. (*Id*. at 3)  In

3   2006, Sears charged-off Plaintiff's account and assigned it to LVNV Funding. (*Id*.) Denying

4   any wrongdoing, LVNV Funding argues the "true facts" reflect that on October 10, 2008,

5   it "filed suit in the county of [Plaintiff's] last known residence but was unable to effect

6   service of process . . . . [Because] it was unable to effect service of process, LVNV Funding

7   LLC dismissed its state court action[]" on March 9, 2009. (docket # 23 at 2)  In footnotes 2

8   and 3 of its Response, *id*.,  LVNV Funding requests the Court take judicial notice of the

9   California Complaint, the process server's "Non-Service/Return" showing multiple attempts

10  to serve Plaintiff, and LVNV Funding's voluntary dismissal of the lawsuit.[3] (docket # 24,

11  Exhibits ("Exh.") 1, 2, and 3). The amount of money sought in the California debt-collection

12  suit was $4,124.00 plus interest at the rate of 7%, reasonable attorney's fees, and court costs.

13  (*Id*., Exh. 1 at 8)

14  ## RULE 12(B)(1) MOTION TO DISMISS STANDARD

15          Federal  Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss for

16  lack of subject-matter jurisdiction. *Tosco Corp. v. Communities For a Better Environment*,

17  236 F.3d 495, 499 (9th Cir. 2001); Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of

18  limited jurisdiction, and can only hear those cases that the Constitution and Congress have

19  authorized them to adjudicate: namely, cases involving diversity of citizenship, a federal

20  question, or cases to which the United States is a party. *Arbaugh v. Y & H Corp*., 546 U.S.

21  500, 513 (2006);  *Kokkonen v. Guardian Life Ins. Co.*, 511 U .S. 375, 377 (1994). "A federal

22  court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively

23  appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

24

25          [3] A district court may properly take judicial notice pursuant to Fed. R. Evid. 201 of

26  "matters of public record" without converting a motion to dismiss into a motion for summary
    judgment.  *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. South Bay*

27  *Beer Distrib*., 789 F.2d 1279, 1282 (9th Cir. 1986) and *MGIC Indemnity Corp. v. Weisman*,

28  803 F.2d 500, 504 (9th Cir. 1986)).

1   Because federal courts are courts of limited jurisdiction, the party invoking the jurisdiction
2   of the court has the burden of proof. *Kokkonen*, 511 U.S. at 377; *Thornhill Pub. Co., Inc. v.*
3   *General Tel. & Electronics Corp*., 594 F.2d 730, 733 (9th Cir. 1979).

4          Federal Rule of Civil Procedure 12(b)(1)'s jurisdictional attacks may be facial
5   or factual. "In a facial attack, the challenger asserts that the allegations contained in a
6   complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual
7   attack, the challenger disputes the truth of the allegations that, by themselves, would
8   otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039
9   (9th Cir. 2004); *Larson v. Johnson*, 2007 WL 4143082 (D.Ariz. 2007) (counterclaim
10  dismissed without prejudice for failure to allege a connection to the subject matter of
11  Plaintiff's claim for breach of contract against defendant).

12         With these standards in mind, the Court turns to Plaintiff's jurisdictional
13  challenges to Defendant's counterclaim.

14                     **FAIR DEBT COLLECTION PRACTICES ACT**

15         "The FDCPA, 15 U.S.C. § 1692 *et seq.*, was enacted 'to eliminate abusive debt
16  collection practices by debt collectors, to insure that those debt collectors who refrain from
17  using abusive debt collection practices are not competitively disadvantaged, and to promote
18  consistent State action to protect consumers against debt collection abuses.'" *Rowe v.*
19  *Educational Credit Management Corp*., 559 F.3d 1028, 1031 (9th Cir. 2009) (citing 15 U.S.C.
20  § 1692(e)). "The FDCPA regulates the collection of 'debts' by 'debt collectors' by regulating
21  the number and type of contacts a debt collector may make with the debtor." *Id*. The FDCPA
22  "broadly prohibits a debt collector from using any false, deceptive, or misleading
23  representation or means in connection with the collection of any debt." *Dunlap v. Credit*
24  *Protection Ass'n,* 419 F.3d 1011, 1012 (9th Cir. 2005) (citing 15 U.S.C. § 1692e) (internal
25  punctuation removed).

26                 **COUNTERCLAIM: COMPULSORY OR PERMISSIVE**

27         Federal Rule of Civil Procedure 13 defines two types of counterclaims:
28  compulsory and permissive. Rule 13(a) states that "[a] pleading must state as a counterclaim

1   any claim . . . the pleader has against any opposing party if the claim: (A) arises out of the

2   transaction or occurrence that is the subject matter of the opposing party's claim; and (B)

3   does not require adding another party over whom the court cannot acquire jurisdiction."  By

4   contrast, Rule 13(b) defines a permissive counterclaim as a claim against an opposing party

5   "that is not compulsory," *i.e.*, a counterclaim that does not arise out of the transaction or

6   occurrence that is the subject matter of the opposing party's claim.   Rule 13(a), (b), Fed. R.

7   Civ. P.

8             To determine if claims arise out of the same transaction or occurrence, courts

9   in the Ninth Circuit consider whether "the essential facts of the various claims are so

10  logically connected that considerations of judicial economy and fairness dictate that all of

11  the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of Amer*., 827 F.2d

12  1246, 1249 (9th Cir.1987) (quoting *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978)

13  (applying Fed.R.Civ.P. 13). Among the factors district courts consider in determining

14  whether the test is met is whether "the facts necessary to prove the two claims substantially

15  overlap, [and whether] the collateral estoppel effect of . . . the first action would preclude [the

16  claims from being brought in a later action]." *Pochiro*, 827 F.2d at 1251. If a defendant fails

17  to bring a compulsory counterclaim, he is barred from asserting that claim in a future

18  proceeding. *Id*. (affirming dismissal of former employee's claims for defamation, abuse of

19  process, breach of employment contract and intentional interference with business

20  relationship because such claims were compulsory counterclaims which should have been

21  raised in employer's prior state court action against employee for appropriating confidential

22  consumer information.);  *Sams v. Beech Aircraft*, 625 F.2d 273, 276 n. 4 (9th Cir. 1980)

23  (citing *Baker v. Gold Seal Liquors*, 417 U.S. 467, 469, n. 1 (1974)).

24                          **COUNTERCLAIM FOR DEBT OWED IN FDCPA ACTION**

25             "[A]lthough the Ninth Circuit has not specifically decided whether a

26  counterclaim for the underlying debt in an FDCPA action is compulsory or permissive, most,

27  if not all of the district courts within the Ninth Circuit . . . have determined that such a

28  counterclaim is permissive." *Marlin v. Chase Cardmember Services*, 2009 WL 1405196, *

1    3 (E.D. Cal. 2009); *Koumarin v. Chase Bank USA*, 2008 WL 5120053 (N.D. Cal. 2008); *Witt*

2    *v. Experian Information Solutions, Inc*., 2008 WL 2489132, * 4 (E.D.Cal. 2008); *Avery v.*

3    *First Resolution Mgmt. Corp*., 2007 WL 1560653 (D. Or. 2007), *affirmed by*, 568 F.3d 1018

4    (9th Cir. 2009) (in debtor's FDCPA action, Ninth Circuit affirms district court's refusal to

5    exercise supplemental jurisdiction over debt collector's counterclaim on debt-owed and

6    denial of plaintiff's claim for award of attorney's fees as a prevailing party); *Moore v. Old*

7    *Canal Financial Corp*., 2006 WL 851114 (D. Idaho 2006); *Sparrow v. Mazda American*

8    *Credit*, 385 F.Supp.2d 1063, 1068 (E.D.Cal. 2005); *Campos v. Western Dental Srvs., Inc*.,

9    404 F.Supp.2d 1164 (N.D. Cal. 2005); *Taylor v. Bryant, Inc.*, 275 F.Supp.2d 1305 (D.Nev.

10   2003); *Hart v. Clayton-Parker and Associates, Inc*., 869 F.Supp. 774, 776 (D. Ariz. 1994).

11          In *Peterson v. United Accounts, Inc*., 638 F.2d 1134 (8th Cir. 1981), the Eighth

12   Circuit, using analogies from Truth-in-Lending Act cases from other circuits, reversed the

13   district court's dismissal of the FDCPA lawsuit and reinstated the complaint on grounds that

14   FDCPA claim asserted is permissive, rather than a compulsory counterclaim, and stated that

15   the purpose of the FDCPA can best be effectuated by holding a FDCPA counterclaim to be

16   permissive, rendering it cognizable in either the state or federal court. 638 F.2d at 1137. It

17   concluded the circumstances giving rise to the original debt are separate and distinct from

18   the collection activities undertaken by the collection agency. The court provided this

19   analysis:

20          While the debt claim and the FDCPA counterclaim raised here may, in a
     technical sense, arise from the same loan transaction, the two claims bear no
21   logical relation to one another. Although there is some overlap of issues raised
     in both cases as a result of the defenses raised in the state action, the suit on the
22   debt brought in state court is not logically related to the federal action initiated
     to enforce federal policy regulating the practices for the collection of such
23   debts.

     *Id*.
24

25          Defendants concede that "[i]t seems well-settled in the Ninth Circuit that

26   counter-claims for the debt claimed by the creditor defending [a FDCPA] claim are

27   considered permissive." (docket # 23 at 3) The Court agrees with the above authorities and

     finds that LVNV Funding's counterclaim is permissive.
28

1

**SUPPLEMENTAL JURISDICTION**

2

**A. Whether Supplemental Jurisdiction Exists over Defendant's Counterclaim.**

3         In 1990, Congress enacted the supplemental jurisdiction statute, 28 U.S.C. §

4  1367. *CV Partners Inc. v. Boben*, 2009 WL 1331108, * 1 n.2 (N.D. Cal. 2009) (indicating

5  "[t]he Ninth Circuit has not explicitly addressed the issue of whether courts should still

6  engage in a compulsory/permissive counterclaim analysis in light of Section 1367.") Even

7  if no independent basis for jurisdiction exists, section 1367(a) grants supplemental

8  jurisdiction over state law counterclaims "that are so related to claims in the action within

9  such original jurisdiction that they form part of the same case or controversy under Article

10  III of the United States Constitution." *Sparrow v. Mazda American Credit*, 385 F.Supp.2d

11  1063, 1066 (E.D.Cal. 2005); *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 213 (2d Cir.

12  2004). Thus, when a counterclaim meets the requirements of § 1367(a), a district court may

13  exercise supplemental jurisdiction over such claim, even if no independent basis for

14  jurisdiction exists. *Koumarin*, 2008 WL 5120053 at * 2 (citing *Jones*, 358 F.3d at 213 and

15  *Channell v. Citicorp Nat'l Servs., Inc*., 89 F.3d 379, 385 (7th Cir. 1996)). The "case or

16  controversy" test mentioned above asks whether a counterclaim is "so related to claims in

17  the action within such original jurisdiction that they form part of the same case or

18  controversy under Article III of the United States Constitution." *Sparrow*, 385 F.Supp.2d at

19  1070.

20         Here, although LVNV Funding's Counterclaim did not "arise" from the same

21  "transaction or occurrence" as Plaintiff's FDCPA claim, nonetheless it "derive[s] from a

22  common nucleus of operative fact," in that both claims are technically related to a single debt

23  allegedly owed by Plaintiff to LVNV Funding. *Koumarin*, 2008 WL 5120053 at 3 (citing

24  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) that § 1367(a) is, at least,

25  as broad as the pre-§ 1367 test which required that state and federal law claims "derive from

26  a common nucleus of operative fact,"). In the numerous cases brought within the Ninth

27  Circuit under the FDCPA since the passage of § 1367, all district courts have held

28  supplemental jurisdiction exists over the defendant's counterclaim for the underlying debt.

*Koumarin*, 2008 WL 5120053 at 3; *Campos*, 404 F.Supp.2d at 1169 (holding supplemental jurisdiction existed over counterclaim for underlying debt where counterclaim and FDCPA claim were "related to the single debt incurred by plaintiff"); *Sparrow*, 385 F.Supp.2d at 1070. As the District Judge in *Campos* explained, "there will be some permissive counterclaims over which the court has supplemental jurisdiction and some it does not. The reason is that the standard for supplemental jurisdiction is broader than the standard for a counterclaim to be compulsory." *Campos*, 404 F.Supp.2d at 1169 (citing Fed.R.Civ.P. 13(a) and 28 U.S.C. § 1367(a)).

The Court rejects Plaintiff's argument that the Court should dismiss Defendant's Counterclaim because there is no independent basis for federal jurisdiction to adjudicate the Counterclaim. The Court has supplemental jurisdiction over LVNV Funding's Counterclaim.

**B. Whether to Exercise Supplemental Jurisdiction**

A district court's exercise of supplemental jurisdiction is discretionary, and it may decline to exercise such jurisdiction. *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997). "'[D]istrict courts [should] deal with cases involving pendent [supplemental] claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)). Section 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Title 28 U.S.C. § 1367(c). In addition to the factors contained in § 1367(c), the Supreme Court identified "a host of factors" to consider when deciding whether to exercise supplemental jurisdiction: "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *Cohill*, 484 U.S. at 357.

Plaintiff identifies primarily two reasons why the Court should decline to exercise supplemental jurisdiction: 1) allowing counterclaims for the underlying debt in FDCPA suits "would undermine congressional efforts to protect consumers by discouraging victims [a "chilling effect"] from asserting their rights under the FDCPA," relying upon *Sparrow*, 385 F.Supp.2d at 1071; and 2) "public policy reasons should dissuade federal courts from hearing state-law based counterclaims brought by defendants against plaintiffs who have filed FDCPA suits against them[,]" citing *Ballard v. Equifax Check Serv., Inc.*, 186 F.R.D. 589, 599 (E.D.Cal. 1999) ("The court finds that there are compelling reasons of public policy embodied in the FDCPA for declining jurisdiction in this case.") (docket # 15 at 8-9)

On the other hand, LVNV Funding argues that exercising supplemental jurisdiction  would "(1) conserve the parties' monetary resources; (2) promote judicial economy; (3) avoids litigation of duplicative claims, and (4) precludes the potential of inconsistent outcomes." (docket # 23 at 5)  Relying on *Koumarin*, 2008 WL 5120053 at 3-4, LVNV Funding claims "that the interests of judicial economy, efficiently and fairness outweigh the potential chilling effect," given the relatively small amount of Plaintiff's alleged debt, $4,124.00, interest from July 28, 2006, attorneys' fees and court costs. (*Id*. at 6; docket # 24, Exh. 1 at 8) Rather, LVNV Funding argues, Plaintiff's FDCPA "claim was brought to 'chill' the creditor from asserting its rights with respect to the collection of the debt." (*Id*. at 7)

Whether to exercise supplemental jurisdiction in this case is a closer call than it initially appears.  Here, the Court agrees with the District Judge in *Koumarin*, given the relatively small amount of Plaintiff's alleged credit card debt ($4,124.00), it seems unlikely

1    that the Court's exercise of supplemental jurisdiction over LVNV Funding's Counterclaim

2    would have a "chilling effect" on Plaintiff's FDCPA claim or on potential analogous claims

3    made by similarly situated individuals. Similarly, nor should any plaintiff expect a federal

4    court to use the fact that case-by-case enforcement is expensive (perhaps too expensive to

5    justify independent legal action in California) to bestow on plaintiff a legal right to avoid or

6    delay collection, if the alleged credit card debt is in fact valid. *Koumarin*, 2008 WL 5120053

7    at 4.  As LVNV Funding points out, the exercise of supplemental jurisdiction in this case

8    promotes most of the important goals, identified by the Supreme Court in *City of Chicago*,

9    522 U.S. at 173, of judicial economy, convenience, fairness and efficiency, as all claims

10   related to Plaintiff's alleged credit card debt will be resolved in a single action.

11               Accepting supplemental jurisdiction, however, will increase both the

12   complexity and length of time to resolve Plaintiff's narrow and straightforward FDCPA

13   claim. Although the Counterclaim issue is not novel (a debt allegedly owed), the Court,

14   sitting in Arizona, will be required to determine choice-of-law questions and, if appropriate,

15   apply California law to LVNV Funding's state claim. A California court is better suited to

16   resolve California state law claims and disputes regarding state law. Declining supplemental

17   jurisdiction also reduces the risk of incorrect application of California law and furthers the

18   principle of comity. Accepting supplemental jurisdiction would also involve this District

19   Court and its limited resources in legal questions of no federal significance and may

20   substantially predominate over Plaintiff's FDCPA claim. *Leatherwood v. Universal Business*

21   *Service Co.*, 115 F.R.D. 48, 50 (W.D.N.Y. 1987). Finally, considering the purpose of the

22   FDCPA is to give those harmed by an alleged FDCPA violation a remedy against a debt

23   collector regardless of whether the underlying debt is valid, the Court is persuaded to follow

24   the majority of the district courts in the Ninth Circuit that strong public policy reasons exist

25   for declining to exercise jurisdiction over LVNV Funding's Counterclaim. *Witt*, 2008 WL

26   2489132 at * 5;  *Avery*, 2007 WL 1560653 at * 8-9; *Moore*, 2006 WL 851114 at * 4;

27   *Campos*, 404 F.Supp.2d 1171; *Sparrow*, 385 F.Supp.2d at 1071; *Taylor*, 275 F.Supp.2d at

28   1307. The Court finds compelling reasons to decline to exercise supplemental jurisdiction

1    over LVNV Funding's Counterclaim.

2            Accordingly,

3            **IT IS ORDERED** that Plaintiff Marvin Randall's Motion to Dismiss

4    Defendant's Counterclaim, docket # 15, is **GRANTED**. Defendant LVNV Funding's

5    Counterclaim is hereby **DISMISSED** but this dismissal is without prejudice.

6            DATED this 25th day of August, 2009.

7

8                                    _____

9                                    Lawrence O. Anderson
                                    United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28