```
File No. 1081.0003
Robert Scott Kennard
California State Bar No. 117017
NELSON & KENNARD
2180 Harvard Street, Ste. 160   (95815)
P.O. Box 13807
Sacramento, CA  95853
Telephone:  (916) 920-2295
Facsimile:  (916) 920-0682

Attorneys for Defendants
LVNV FUNDING LLC; NELSON & KENNARD
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marvin Randall,<br><br>          Plaintiff,<br><br>    vs.<br><br>Nelson & Kennard; LVNV Funding LLC;<br><br>          Defendants. | CASE NO.  CV-09-387-PHX-LOA<br><br>**DEFENDANTS' SEPARATE STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS LVNV FUNDING LLC AND NELSON & KENNARD'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT** |

**A.   Retention of Nelson & Kennard**

1.   The business purpose of LVNV Funding LLC is to acquire and liquidate debt.  LVNV Funding LLC has no employees.  Its business is serviced by Resurgent Capital Services pursuant to a written agreement and power of attorney.  ***Deposition of Foster, p. 8, ln. 17 through p. 10, ln. 7.***

2.   Sears National Bank was formerly in the business of issuing and servicing MasterCard branded credit cards.  The credit card portfolio of Sears National Bank Randall's account was

acquired by Citibank on or about October 13, 2006.  On October 31, 2006, Sherman Originator, LLC acquired a portfolio of the Sears branded Master Cards from Citibank, including the account which is the subject of the within litigation.  Those accounts were subsequently assigned to LVNV Funding, LLC.  **Deposition of Foster, p. 14, ln 18 through p. 21, ln. 20.**

3.   The records of LVNV as provided by Citibank indicate that Mr. Randall applied for and obtained a Sears branded MasterCard on May 9, 2002.  Mr. Randall last made payment on the account to Citibank on October 7, 2005.  Citibank thereafter charged off the account on July 28, 2006 with a balance of $4,124.60.  The account was then sold to Sherman Originator, LLC and assigned to LVNV Funding LLC.  The address provided by Citibank to LVNV Funding LLC at that time was 2407 Galisteo Street, Corona, California 92882-6813 (hereinafter "Galisteo").  **Deposition of Foster, p. 38, ln. 11 through pg. 39, ln. 16.**

4.   On April 18, 2008, Resurgent Capital Services, on behalf of LVNV retained the offices of Nelson & Kennard located at 2180 Harvard Street, Ste. 160, Sacramento, California 95815 to collect the balance due from Mr. Randall on the Sears branded account, including the initiations of litigation if necessary.  The last known address for Mr. Randall that Resurgent provided to Nelson & Kennard was the Galisteo address.  **Deposition of Foster, p. 38, ln. 11 through p. 39, ln. 1.**

///

DEFENDANTS' SEPARATE STATEMENT OF FACTS - 2

**B.      Nelson & Kennard's Skip-tracing "Waterfall."**

5.   LVNV retained N&K on April 18, 2008.  The file information described above was downloaded electronically into N&K's database.  ***Declaration of Robert Scott Kennard, ¶¶2 through 6.***

6.   Nelson & Kennard maintains processes and procedures reasonably adapted to avoid the filing of Summons and Complaints in incorrect jurisdictions or venues.  There is no utility or advantage to Nelson & Kennard or its client by filing in an incorrect jurisdiction or venue.  To the contrary, such filings create unnecessary expense, litigation and risk with no corresponding utility.  ***Declaration of Robert Scott Kennard, ¶42.***

7.   Prior to suit, in all cases, Nelson & Kennard engages in an evaluation and verification process to ensure accounts are suit worthy and that service of process may be lawfully obtained.  These processes and procedures include the initial use of correspondence through the United States Post Office to verify addresses.  ***Declaration of Robert Scott Kennard, ¶43.***

8.   Nelson & Kennard maintains clerical staff whose sole function is to process and update incoming returned mail and forwarding orders on a daily basis.  ***Declaration of Robert Scott Kennard, ¶44.***

9.   In addition, Nelson & Kennard employs personnel responsible for the evaluation of the suit worthiness of an account and such personnel all have subscription database tools available

to them including full internet access, Accurint, Experian Collection Advantage and the National Change of Address database through Focus One.  ***Declaration of Robert Scott Kennard, ¶45.***

    10.  The undersigned respectfully submits that the above-outlined processes and procedures are and were reasonably designed to avoid the filing of complaints in incorrect venues.  Nelson & Kennard is aware of no other data source which provides more accurate information than the Accurint and Experian products and/or the National Change of Address database maintained by the United States Postal Service.  ***Declaration of Robert Scott Kennard, ¶48.***

    11.  As is its custom and practice, upon receipt of the file, N&K forwarded it to LexisNexis who ran the file through their bankruptcy database.  This product/process is known as "Banko."  Banko compares the data provided to their existing database to determine whether the consumer is currently or has previously filed a bankruptcy which might affect the account.  The "scrub" is an overnight process.  Data is exchanged daily by N&K with Banko.  ***Declaration of Robert Scott Kennard, ¶7.***

    12.  On April 21, 2008 the Banko scrub reported a "hit" (positive result) which provided information that Mr. Randall had previously filed a Chapter 13 bankruptcy petition that was dismissed on or about November 16, 2006.  The scrub also returned information concerning Mr. Randall's bankruptcy attorney.  That data was electronically loaded into N&K's database.  ***Declaration of Robert Scott Kennard, ¶8.***

DEFENDANTS' SEPARATE STATEMENT OF FACTS - 4

13. On May 14, 2008, N&K sent correspondence compliant with 15 U.S.C. §1692g to attorney Brian Crozier in San Diego, California. The letter was sent to Mr. Crozier because he was disclosed as Mr. Randall's attorney from the Banko scrub. **Declaration of Robert Scott Kennard, ¶9.**

14. Thereafter, account representative Ray Brown, employed by N&K, telephoned Mr. Crozier's office to confirm the status of the bankruptcy and Mr. Crozier's representation of Mr. Randall. Mr. Crozier's office confirmed that Mr. Randall's bankruptcy petition was dismissed on November 16, 2006 and that he no longer represented Mr. Randall. **Declaration of Robert Scott Kennard, ¶10.**

15. The Galisteo address was provided to N&K at the time of placement. Prior to attempting further communication, N&K invoked its "waterfall" process by reviewing the LexisNexis product known by the trade name "Accurint." Accurint is a compendium of records derived from a myriad of sources and provides an output of "best available" ranking of return data. Accurint is a "real time" on-line accessible subscription database.[1] **Declaration of Robert Scott Kennard, ¶¶6, 9 through 11.**

16. N&K's review of Accurint's information provided confirmed that the Galisteo address was the best address based upon the

---

[1] N&K previously beta tested numerous other databases including Merlin data, CBC Innovis, MasterFiles and others. Based on N&K's internal testing, Accurint has consistently produced the most accurate and contemporary data of all subscription resources tested.

information available to it. ***Declaration of Robert Scott Kennard, ¶¶ 13 through 15 and 22.***

17. In addition, and as part of N&K's data "waterfall," on July 10, 2008 N&K downloaded an Experian credit report. The product to which N&K subscribes from Experian is its "Collection Advantage" report. With the Collection Advantage product, N&K is able to select relevant attributes from a credit report and download that data into N&K's database in a compatible format. One of the attributes requested by N&K is the "best available address" known to Experian. With respect to Mr. Randall, the best address provided by Experian was the Galisteo address. ***Declaration of Robert Scott Kennard, ¶¶16 through 19.***

18. As the result of the foregoing, on July 28, 2008, N&K mailed correspondence to Mr. Randall at the Galisteo address. On August 7, 2008, the mail was returned with a handwritten note scrawled on the face "not at this address." The distinction is that the mail was not returned as a result of data provided by the U.S. Postal Service's database. Rather, the note appeared to be handwritten by an occupant. It is N&K's experience that these handwritten notes (as opposed to encoded data received from the U.S. Postal Service) is typically confirmation of the consumer's residence in that it is usually the consumer who has written the message on the envelope and returned it to N&K. ***Declaration of Robert Scott Kennard, ¶22.***

19.     Based upon the foregoing, as of September, 2008, N&K had five separate data points, all of which pointed to the Galisteo address as the best address for Mr. Randall;

  (1) Citibank provided address;

  (2) Client provided address;

  (3) No negative U.S. Postal Service address return at the Galisteo address;

  (4) A positive Accurint return, and;

  (5) A positive Experian return.

***Declaration of Robert Scott Kennard, ¶¶ 7 through 22 and 34.***

**C. N&K initiates the collection lawsuit.**

20.     On September 26, 2008, Robert Kennard, managing partner of the law firm of Nelson & Kennard, reviewed the proposed Complaint, the data described above and approved the matter for suit in Riverside County based upon the presumptive validity of the Galisteo address. ***Declaration of Robert Scott Kennard, ¶¶ 20 through 24.***

21.     After signing, the Summons and Complaint was dispatched to N&K's agent for filing and service. ***Declaration of Robert Scott Kennard, ¶24.***

22.     The Complaint was filed on October 10, 2008. ***Declaration of Robert Scott Kennard, ¶24.***

23. N&K's agent attempted service of process from October 28, 2008 through November 2, 2008. **Declaration of Robert Scott Kennard, ¶25.**

24. On November 2, 2008, N&K's agent executed a "Not Found" service return and the original thereof was filed with the Riverside County Superior Court on December 12, 2008. **Declaration of Robert Scott Kennard, ¶28.**

25. N&K then again evoked its skip-tracing resources. In January 2009 both Accurint and Experian reported that Mr. Randall was residing in Phoenix, Arizona as of November, 2008. **Declaration of Robert Scott Kennard, ¶¶29 through 31.**

26. By February, 2009, the probable validity of the Arizona address was thereafter confirmed by the United States Post Office database. **Declaration of Robert Scott Kennard, ¶¶29 through 31.**

27. Based upon the foregoing, on March 2, 2009 N&K caused the collection lawsuit to be dismissed, without prejudice and the file was closed and returned back to LVNV. **Declaration of Robert Scott Kennard, ¶32.**

D. **Randall's conduct.**

28. At no time relevant did Mr. Randall notify Sears, Citibank or LVNV of any change of address. **Deposition of Randall taken May 20, 2010 (hereinafter "Deposition of Randall"), p. 36, ln. 12 through p. 37, ln. 12; p. 62 ln. 19 through p. 63, ln. 14.**

29. Mr. Randall claims to have become aware of the collection lawsuit in January of 2009 while searching the Riverside County Superior Court database. He downloaded a copy of the Complaint as a .pdf file. **Deposition of Randall, p. 37, ln. 20 through p. 41, ln. 17; Randall's Interrogatory Responses dated May 28, 2010, Nos. 18, 12 and 13.**

30. At no time did LVNV or N&K ever communicate with Mr. Randall. **Deposition of Randall, p. 71, lns. 15 thorugh 22; Randall's Interrogatory Resposnes dated May 28, 2010, No. 5.**

31. Mr. Randall moved to Arizona in September, 2008. **Deposition of Randall, p. 9, lns. 3 through 8; Randall's Interrogatory Responses dated May 28, 2010, No. 3; Declaration of Robert Scott Kennard, ¶36.**

32. Prior to Phoenix, Arizona, Mr. Randall resided at 1851, 1451 or 151 Haymarket, Encintas, California 94024 (hereinafter "Haymarket"). **Deposition of Randall, p. 9, ln. 3 through p. 10, ln. 18; p. 98, ln. 8 through p. 98, ln. 17; Randall's Interrogatory Responses dated May 28, 2010, Nos. 2 and 3; Declaration of Robert Scott Kennard, ¶¶35 through 39.**

33. Mr. Randall advised his Arizona landlord on an Application for Rental on September 28, 2006 that he resided at 1851 Haymarket from October, 2006 through October, 2008. **Equity Residential's Response to Subpoena dated May 4, 2010; Declaration of Robert Scott Kennard, ¶¶37 through 38.**

34. Conversely, Mr. Randall testified that he resided there for only a period of three to four months prior to moving to Arizona. **Deposition of Randall, p. 9, ln. 3 through p. 10, ln. 18; Randall's Interrogatory Responses dated May 28, 2010, Nos. 1, 2 and 3.**

35. Mr. Randall also provided his Arizona landlord with a copy of his California driver's license which was current at the time and listed Galisteo as his prior address. **Deposition of Randall taken May 20, 2010; Declaration of Robert Scott Kennard, ¶41; Equity Residential's Response to Subpoena dated May 4, 2010.**

36. Mr. Randall's Arizona landlord also obtained an ostensible verification of Mr. Randall's residence at Haymarket. The manager of the Haymarket property denies that Mr. Randall ever resided at the Haymarket residence. **Declaration of Robert Scott Kennard, ¶¶39 through 40; Declaration of Chris T. Sprangers, p. 1, ln. 2 through p. 3, ln. 18; Equity Residential's Response to Subpoena dated May 4, 2010.**

37. On October 15, 2008, Mr. Randall obtained his personal credit report. Mr. Randall offered the report to establish that N&K and LVNV knew or should have known that they had purposely filed suit in an incorrect venue. The credit report contained several addresses including the Galisteo address but no where discloses the Haymarket address which is the address Mr. Randall claimed to be his address at the time the complaint was filed. **Deposition of Randall, p. 50, ln. 9 through p. 52, ln. 23;**

***Randall's Responses to Request for Production of Documents dated May 28, 2010, No. 13; Declaration of Robert Scott Kennard, ¶62.***

38. On June 12, 2009, Mr. Randall obtained his personal credit report. Mr. Randall offered the report to establish that N&K and LVNV knew or should have known that they had purposely filed suit in an incorrect venue. The credit report contained several addresses including the Galisteo address but no where discloses the Haymarket address which is the address Mr. Randall claimed to be his address at the time the complaint was filed. ***Deposition of Randall, p. 50, ln. 9 through p. 52, ln. 23; Randall's Responses to Request for Production of Documents dated May 28, 2010, No. 13; Declaration of Robert Scott Kennard, ¶62.***

39. Contrary to the allegations of Mr. Randall's complaint, the credit report obtained by N&K in July, 2008, did not report Plaintiff's current address in the state of Arizona as that was not his address until, at the earliest, September, 2008. ***Deposition of Randall, p. 50, ln. 19 through p. 52, ln. 23; Randall's Responses to Request for Production of Documents dated May 28, 2010, No. 13; Declaration of Robert Scott Kennard, ¶62.***

40. Notwithstanding the allegations of his Complaint filed February 25, 2009, on May 20, 2010, Mr. Randall acknowledged that he was never served with the California state court Summons & Complaint and that N&K never filed or published a proof of service which so reported. Mr. Randall acknowledged N&K never improperly communicated with any third party concerning his obligation to

LVNV.  Mr. Randall acknowledged that at no time did N&K ever attempt to or obtain a default judgment in the California state court litigation.  Mr. Randall is aware of no evidence adduced that N&K knowingly and intentionally brought legal action in a venue outside the judicial district where Mr. Randall resided at the time legal action commenced.  **Deposition of Randall, p. 78, ln. 13 through p. 98, ln. 17; Randall's Responses to Request for Production of Documents Nos. 20, 21, 22 and 23; Randall's Interrogatory Responses dated May 28, 2010, Nos. 5 through 20; Randall's Motion for Summary Judgment, p. 1, par. 23 through 27.**

41.   On May 26, 2010 Mr. Randall requested N&K and LVNV's stipulation to amend his Complaint.  The request was declined.  Defendants indicated that Mr. Randall should withdraw the conceded claims.  To date, Mr. Randall has not attempted to amend his Complaint nor has he given notice of withdrawal of those conceded claims, other than on page one of his Motion for Summary Judgment.  **Declaration of Robert Scott Kennard, ¶49 through 52.**

///

///

///

37. Prior to responding to the Complaint herein, between March 20, 2009 and May 28, 2009, LVNV and N&K voluntarily disclosed all relevant information available to them to demonstrate the lack of veracity of Plaintiff's Complaint. Notwithstanding, Plaintiff persisted with his litigation unabated until he conceded that the majority of his claims and allegations of fact as untrue upon the filing of his Motion for Summary Judgment. **Declaration of Robert Scott Kennard, ¶¶53 through 60.**

Respectfully Submitted,

/s/ by Robert Scott Kennard

Dated: 08/09/10        By: _____
                              ROBERT SCOTT KENNARD

DEFENDANTS' SEPARATE STATEMENT OF FACTS - 13