**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Marvin Randall, | ) | No. CV-09-0387-PHX-LOA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Nelson & Kennard; LVNV Funding, | ) | |
| L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

        This Fair Debt Collection Practices Act ("FDCPA") action comes before the Court on Plaintiff Marvin Randall's ("Plaintiff") Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56, alleging a violation 15 U.S.C. § 1692i(a)(2)'s lawsuit venue provision. (Doc. 61) Defendant LVNV Funding, L.L.C., a Nevada limited liability collection agency, and its California collection law firm, Defendant Nelson & Kennard, both debt collectors within the meaning of the FDCPA,[1] cross moved for summary judgment on their affirmative

---

[1] The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Debt collectors may include attorneys litigating cases on behalf of their clients. *Heintz v. Jenkins*, 514 U.S. 291, 297 (1995); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1032 (9th Cir. 2010). See also, *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507 (9th Cir. 1994) (Where a creditor who is a debt collector hires an attorney and that attorney violates the FDCPA, the

1  defense of bona fide error[2] alleged in their Answers, docs. 8-9 at 7, ¶¶ 31.

2  After review of the parties' briefings, the relevant legal authorities, and well-
3  aware of the summary judgment standard, the Court will grant Plaintiff's Motion for
4  Summary Judgment because there is no material factual dispute that Defendants filed their
5  debt collection suit against Plaintiff on an alleged Sears' credit card debt in Riverside
6  County, California, a venue not authorized by § 1692i(a)(2). The Court will deny
7  Defendants' Cross-Motion for Summary Judgment because it was untimely filed. (Doc. 68)
8  By separate order, the Court will set a final Rule 16 scheduling conference for the purpose,
9  *inter alia*, of setting a jury trial on Plaintiff's damages[3] and Defendants' bona fide error
10 defense.

11 Plaintiff's Reply, doc. 70 at 2, makes clear that he voluntarily abandons all
12 claims alleged in the Complaint except his single claim of § 1692i(a)(2)'s venue provision.
13 The parties do not dispute that Defendants filed their collection action in Riverside County,
14 California on October 10, 2008 where Plaintiff did not live when he entered into the Sears'
15 contract and where Plaintiff did not live when Defendants' debt collection suit was filed.
16 Plaintiff's Statement of Facts ("PSOF") at ¶¶ 3-9, 11, doc. 61-2 at p. 1-2; Defendants'

---

creditor is vicariously liable for the attorney's actions.")

[2] Under 15 U.S.C. § 1692k(c), "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692 k(c). See also, *Fox*, 15 F.3d at 1514 (requiring "evidence supporting the existence of 'reasonable preventive procedures'" in order to establish bona fide error defense); *Oglesby v. Rotche*, 1993 WL 460841, at * 9 (N.D.Ill. 1993) ("In order to claim section 1692k(c)'s defense, the debt collector must show bona fide error and mechanisms designed to prevent [the filing in the incorrect venue] by a preponderance of the evidence.).

[3] Under § 1692k, Defendants may be liable to Plaintiff for "any actual damage sustained," "additional damages" of up to $1,000, and "the costs of the action, together with a reasonable attorney's fee as determined by the court. . . ." 15 U.S.C. § 1692k(a)(1)-(3).

- 2 -

1  Statement of Facts ("DSOF") at ¶¶ 3, 20, 22, doc. 69 at p. 8.[4]

2  The FDCPA was enacted to "eliminate abusive debt collection practices by
3  debt collectors, to insure that those debt collectors who refrain from using abusive debt
4  collection practices are not competitively disadvantaged, and to promote consistent State
5  action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The
6  FDCPA does not protect every imaginable debt; instead, it is limited to consumer debts,
7  specifically, "any obligation or alleged obligation of a consumer to pay money arising out
8  of a transaction in which the money, property, insurance, or services which are the subject
9  of the transaction are *primarily for personal, family, or household purposes*, whether or not
10 such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5) (emphasis added).[5]

11 The FDCPA is considered a strict liability statute, meaning that a consumer
12 need not show that the debt collector intentionally, fraudulently, or knowingly violated the
13 Act. *Reichert v. National Credit Systems, Inc*. 531 F.3d. 1002, 1004 (9th Cir. 2008) ("[O]ur
14 court decided [*Clark v. Capital Credit & Collection Servs., Inc*., 460 F.3d 1162 (9th Cir.
15 2006)], which made clear that the FDCPA is a strict liability statute in that a plaintiff need
16 not prove an error was intentional."); *Hunt v. Check Recovery Sys., Inc*., 478 F.Supp.2d
17 1157, 1169 (N.D.Cal. 2007) ("[D]ebt collectors generally are liable for violating the
18 FDCPA's requirements without regard to intent, knowledge or willfulness.") (citations
19 omitted). A single violation of any of the FDCPA's provisions "is sufficient to establish civil
20 liability under the FDCPA." *United States v. Trans Cont'l Affiliates*, 1997 WL 26297 at *3
21 (N.D.Cal. 1997) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)); § 1692k
22 (imposing civil liability on "*any* debt collector who fails to comply with *any* provision of this
23 subchapter with respect to *any* person is liable to such person . . . .") (emphases added).

---

[4] Plaintiff does not need to prove where he lived on October 10, 2008 as long as it is undisputed that he did not live in Riverside County when Defendants' suit was filed.

[5] Defendants do not dispute that Plaintiff's alleged debt to Sears falls within § 1692a(5)'s definition.

- 3 -

Section 1692i(a)(2) of the FDCPA requires a lawsuit initiated to recover an unpaid debt be brought "only in the judicial district or similar legal entity (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(2).[6] "The FDCPA's venue provision, which plainly provides for 'only' two venues[,] . . . is wholly consistent with the purpose of the FDCPA's venue requirement: 'to prevent debt collectors from bringing collection suits in forums located at great distances from debtors' residences.'" *Harper v. Collection Bureau of Walla Walla, Inc.*, 2007 WL 4287293, at * 8 (W.D.Wash. 2007) (quoting *Dutton v. Wolhar*, 809 F.Supp. 1130, 1139 (D.Del. 1992)).

Plaintiff alleges Defendants violated 1692i(a)(2) and damaged Plaintiff by filing the debt collection lawsuit in Riverside County Superior Court, when Plaintiff did not reside in Riverside County at the time the Sears' credit card application was signed (May, 2002[7]) or at the time the lawsuit was commenced (October 10, 2008).[8] Relying on *Fox*, 15 F.3d at 1514 and *Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 937-38 (9th Cir. 2007)

---

[6] Section 1692i provides in relevant part:

> (a) Venue
> Any debt collector who brings any legal action on a debt against any consumer shall--
>     (1) *    *    *    *    *
>     (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity--
>         (A) in which such consumer signed the contract sued upon; or
>         (B) in which such consumer resides at the commencement of the action.

[7] PSOF at ¶ 3, doc. 61-1 at 2.

[8] This allegation of a violation of the FDCPA was alleged in the Complaint. (Doc. at ¶¶ 20, 21) Defendants' Answers admitted the allegation in paragraph 20 of the Complaint, *viz*. "On or about October 10, 2008, Defendant Nelson & Kennard filed suit against Plaintiff on behalf of Defendant LVNV Funding LLC for the alleged debt in the Superior Court of California, County of Riverside, case number RIC 510992." (Docs. 8-9 at ¶¶ 20)

1 on different FDCPA sections, Defendants claim that without service of the debt collection lawsuit on Plaintiff, it was not a "communication"[9] within the meaning of the FDCPA. (Doc. 71 at 2-3) Therefore, Defendants argue, there can be no liability on Defendants pursuant to § 1692i(a)(2). Defendants acknowledge, however, they "are aware of no reported case imposing liability under the FDCPA where no service of process occurred." (*Id.* at 3) Because the FDCPA is a strict liability statute, *Reichert*, 531 F.3d. at 1004, the Court declines to address this untimely-raised issue until post-trial if Defendants are unsuccessful on their bona fide error defense.

In the Court's August 6, 2009 Rule 16 scheduling order, the Court ordered that any motion for summary judgment must be filed on or before "**Wednesday, June 30, 2010** [and] [a]ny cross-motion(s) for summary judgment may be filed on or before **Friday, July 30, 2010**; provided, however, such motion(s) is related **solely** to the specific issue(s) directly raised in the initial dispositive motion(s)." (Doc. 30 at 4) (emphasis in original). While the Court extended Defendants' responsive memorandum deadline to August 2nd and then August 11, 2010 because Defendants did not comply with the District Court's Local Rules (it was not filed in text-searchable .pdf format, docs. 62, 66) when they filed their cross-motion on August 2nd, the Court did not modify its scheduling order that any cross-motion for summary judgment must be "related **solely** to the specific issue(s) directly raised in the initial dispositive motion(s)." Plaintiff's Motion for Summary Judgment raised only the 15 U.S.C. § 1692i(a)(2) claim of filing the collection lawsuit in the incorrect venue. (Doc. 61)

---

[9] The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). But see § 1692(g)(d) which provides that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section." This October 13, 2006 amendment in Pub.L. 109-351 reversed precedent holding that pleadings may be an initial communication under the FDCPA. See, *e.g.*, *Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914, 918 (7th Cir. 2004) (a summons and a complaint that an attorney serves on a debtor is an initial communication with a consumer and must comply with the notice requirements of § 1692(g)); *Cisneros v. Neuheisel Law Firm, P.C.*, 2008 WL 65608 (D.Ariz. 2008).

Conversely, Plaintiff's Motion did not raise the bona fide error defense. Thus, Defendants' summary judgment motion should have been filed on or before June 30, 2010. Defendants' Cross-Motion for Summary Judgment was untimely filed on August 9, 2010 and will be summarily denied. (Doc. 68)

There being no genuine dispute of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986),

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment, doc. 61, is **GRANTED**. The Court finds that Defendants violated 15 U.S.C. § 1692i(a)(2) by filing the debt collection lawsuit against Plaintiff in the incorrect venue.

**IT IS FURTHER ORDERED** that Defendants' Cross-Motion for Summary Judgment, doc. 68, is summarily **DENIED** without prejudice as untimely filed.

Plaintiff having abandoned all claims except the 15 U.S.C. § 1692i(a)(2) claim against Defendants,

**IT IS FURTHER ORDERED** that all claims alleged in the Complaint except the Title 15 U.S.C. § 1692i(a)(2) claim (lawsuit venue provision) are hereby **DISMISSED** with prejudice.

DATED this 20th day of September, 2010.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge